UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDDIE L. ROBINSON, Plaintiff, v. CAROLYN W. COLVIN, Acting Commissioner of Social Security, Defendant. | NO. C2:13-CV-01540-JLR-JLW<br>REPORT AND RECOMMENDATION |

BASIC DATA

Type of benefits sought:

(X) Disability Insurance

Plaintiff's:

Sex: male

Age: 31 at initial onset date, 42 at disability end date; 44 at ALJ hearing

Principal Disabilities Alleged by Plaintiff:

Neurocognitive disorder, HIV-associated dementia, neuropathy, and HIV.

Disability Originally Began:

March 19, 1999 due to symptomatic HIV, anemia, and an adjustment disorder.

Principal Previous Work Experience:

Chicken cleaner in a chicken processing plant and tank cleaner in a dog food plant

Plaintiff Last Worked: 1997

Education Level Achieved by Plaintiff: completed 11th grade

PROCEDURAL HISTORY – ADMINISTRATIVE

**Continuing Disability Review:**

Benefits terminated due to medical improvement as of October 1, 2009

Affirmed by Disability Hearing Officer on February 2, 2011 (AR 106-14)

**Before ALJ:**

Date of Hearing: October 24, 2011, hearing transcript AR 49-86

Date of Decision: November 23, 2011

Appears in Record at: AR 33-43

Summary of Decision:

> Pursuant to the eight-step evaluation process of 20 C.F.R. §404.1594 Claimant's disability ended as of October 1, 2009 due to medical improvement.
>
> Claimant has not engaged in substantial gainful activity through October 1, 2009, the date his disability ended. He has a severe impairment of HIV. His impairment does not qualify under the Listings.
>
> Medical improvement occurred as of October 1, 2009. He now has the RFC to perform light work, subject to certain environmental limitations including avoiding concentrated exposure to fumes, odors, dusts, gases, poor ventilation, hazardous machinery, and heights.
>
> The Claimant's medical improvement is related to the ability to work because it resulted in an increase in his RFC. He can perform his past relevant work as a chicken cleaner, classified as light work.
>
> Alternatively, Claimant can perform sedentary work. The testimony of the vocational expert identified three alternate jobs he can perform: telephone solicitor, small product assembler, and table worker. This establishes he can perform substantial work which exists in the national economy and requires a finding of "not disabled."

**Before Appeals Council:**

Date of Decision: June 26, 2013

Appears in Record at: AR 1-6

Summary of Decision: declined review

PROCEDURAL HISTORY – THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff (X) Commissioner

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

(X) Affirm

SUMMARY OF RECOMMENDATION

Plaintiff was found disabled due to HIV and related symptoms from 1999 to 2009. In October 2009 he was found medically improved and possessing a residual functional capacity ("RFC") for light work. The ALJ confirmed the SSA decision based on his greatly improved HIV symptoms and life activities. Plaintiff disputes the ALJ's decision to give greater weight to the opinions of nonexamining state agency medical consultants, in preference to those of Plaintiff's treating and examining providers. The ALJ's findings as to Plaintiff's impairments, their severity, his RFC, and his ability to perform representative jobs are all supported by substantial evidence, both medical and non-medical. While there is also evidence to support different conclusions in some respects, there is no legal basis for reversing the ALJ's findings. The Commissioner's decision should therefore be affirmed.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

EVALUATING DISABILITY

In the initial determination of disability, the claimant, Mr. Robinson, bore the burden of proving that he was disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

To determine if a claimant continues to be disabled, the ALJ follows an eight-step evaluation process, inquiring whether:

(1) the claimant is engaged in substantial gainful activity;
(2) the claimant's impairments meet or medically equal a Listing;
(3) medical improvement has occurred;
(4) there is medical improvement related to the ability to work;
(5) an exception to medical improvement applies;
(6) the claimant has current impairments that are severe;
(7) the claimant's current RFC allows performance of past relevant work;
(8) other work exists that claimant can perform, based on the claimant's current RFC and considering age, education, and past work experience.

20 C.F.R. §404.1594(f)(1)-(8).

The claimant continues to have the burden of proving disability. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998); *Ward v. Schwiker*, 686 F.2d 762, 765 (9th Cir. 1982). The burden of

going forward with the evidence shifts to the Social Security Administration: the SSA must provide evidence that demonstrates there is work a claimant can do in the economy, given the claimant's RFC, age, education, and work experience.

ISSUES ON APPEAL

1. Did the ALJ err in assessing Plaintiff's severe impairments?
2. Did the ALJ err in assessing the opinion of treating physician, Dr. Harrington?
3. Did the ALJ err in assessing the opinion of examining physician, Dr. Canning?
4. Did the ALJ err in assessing the opinion of social worker, Ms. Parker?
5. Did the ALJ err in assessing Plaintiff's RFC and capacity for full-time work?

Dkt. No. 16.

DISCUSSION

Plaintiff asserts the ALJ erred in giving his treating providers' opinions insufficient weight and relying heavily on the opinions of nonexamining medical consultants. Plaintiff argues the ALJ should have found neurocognitive disorder, HIV-associated dementia, and neuropathy as severe impairments. Plaintiff also assigns error with the ALJ's discounting the opinion of his social worker, Ms. Parker, and other providers, that he is unable to work full-time due to fatigue and pain. Plaintiff asserts the ALJ consequently erred in finding he has the RFC for light and sedentary work and in concluding he is capable of full-time work. Dkt. 16, 21. Defendant argues the ALJ's assessments are not in error and are based on substantial evidence. Dkt. 20.

***Alleged Severe Impairments***

Plaintiff asserts the ALJ erred in failing to find neuropathy, neurocognitive disorder, and HIV-associated dementia "severe" impairments under Social Security regulations. Plaintiff argues medical evidence supports finding additional nonexertional limitations

associated with these impairments. Defendant argues, and the Court agrees, that the ALJ based the non-severe characterizations on substantial evidence in the record.

***Neurocognitive disorder/HIV-related dementia***

The ALJ concluded Plaintiff does not have a neurocognitive disorder or dementia. The ALJ based this conclusion on the opinions of nonexamining Drs. Canning, Eisenhauer, and Fligstein, who found no dementia or neurocognitive impairment. The ALJ assigned "less weight" to the opinions of Drs. Bennett and Strachan, who opined Plaintiff had neurocognitive disorder or dementia. AR 36. Plaintiff asserts the record supports finding these impairments severe, based on the opinions of Drs. Bennett and Strachan.

Plaintiff argues that Dr. Bennett's July 2010 psychiatric evaluation indicates he has cognitive difficulties and a diagnosis of HIV-associated neurocognitive disorder of moderate severity. AR 743, 745. Plaintiff argues Dr. Strachan's diagnosis concurs with Dr. Bennett's (AR 740) and is supported by clinical testing with borderline and lower results, indicating HIV-associated dementia (AR 741). However, the ALJ dismissed the findings of Drs. Bennett and Strachan because they were inconsistent with the three state agency consultants' opinions who did not find the impairments. This is permissible. An ALJ may reject a doctor's opinion where inconsistent with the reports of other doctors. *See Morgan v. Comm'r. SSA*, 169 F.3d 595, 602-03 (9th Cir. 1999).

Plaintiff further argues the ALJ's reliance on Dr. Canning's mental status exam to discredit Dr. Bennett's and Dr. Strachan's opinions is unconvincing because Dr. Canning did not perform extensive neuropsychological testing as Dr. Strachan did. Plaintiff argues Dr. Strachan's objective testing and clinical observations are clear evidence that he would have difficulty with concentration, persistence, and pace while working. However Plaintiff disagrees he does not demonstrate legal error. The ALJ notes Dr. Canning opined Plaintiff had

the ability to perform simple, repetitive tasks as well as more detailed and complex tasks, and did not diagnose neurocognitive disorder or dementia. AR 36 citing 655. The ALJ cites Dr. Eisenhauer's October 2009 opinion and Dr. Fligstein's June 2010 opinion that Plaintiff has no medically determinable mental impairment. AR 36 citing 656-67 and 697. Interpretation of the evidence is the province of the ALJ. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted). The ALJ here resolved the differences between the medical opinions, opting to rely on the opinions of Drs. Eisenhauer, Fligstein, and Canning, who did not find any severe mental impairment present. The ALJ's reliance on these opinions is based on substantial evidence in the record and not in error.

***Neuropathy of Hands and Feet***

The ALJ finds medical evidence establishes that Plaintiff has "mild neuropathy from HIV." AR 39. Plaintiff asserts the ALJ should have found neuropathy a severe impairment. Plaintiff points to evidence in the record in support of this contention. However, the evidence Plaintiff cites is from 2005 and 2006 (Dkt. 16 at 8, citing AR 496, 368), several years before the medical improvement date in 2009. Plaintiff concedes later records do not report neuropathy concerns. The prescription pain medication Plaintiff points to as evidence is not documented to be specifically for neuropathy. AR 682, 747.

Plaintiff also cites Dr. Harrington's opinion that he would be unable to work full-time because of painful neuropathy and fatigue. AR 750. However, the ALJ notes treatment records from September 2006 indicate his neuropathy was under good control with medication (AR 343) and that nonexamining physician Dr. Bernardez-Fu opined the mild neuropathy does

not functionally limit Plaintiff, an opinion which was reviewed and affirmed by nonexamining physician, Dr. Thuline. AR 37-38, 39-40 citing 651, 698.

The ALJ also found significant that, although Plaintiff testified that burning pain in his hands and feet prevent him from walking or using his hands at times,

> Treatment records from 2009 forward to not show him complaining of burning pain in his feet, hands, arms or legs. If the claimant had episodes of hand pain that prevented him from touching anything, it is reasonable to assume he would have mentioned it to his doctor. Since treatment records from the relevant period do not show such complaints, his testimony is rendered less persuasive. Dr. Harrington did not indicate that neuropathy significantly affected the claimant's hands, arms or legs (Ex 22F). Thus, it appears the claimant exaggerated the severity of the neuropathy at the hearing and the continuing disability review.

AR 40 citing 753.

The ALJ noted Dr. Harrington's opinion that Plaintiff still suffered from painful neuropathy of the feet but that the doctor also found he could perform "handling" tasks on a frequent basis doing part-time work and that he could sit for eight hours in an eight-hour workday. AR 41 citing 753. Moreover, the ALJ notes Dr. Harrington's actual treatment notes from 2009 forward do not show complaints of foot pain. These reasons constitute substantial evidence supporting the ALJ's conclusion that neuropathy is not a severe impairment.

***Treating Physician, Robert Harrington, M.D.***

Plaintiff asserts the ALJ erred in assigning "little weight" to Dr. Harrington's opinion. In October 2011 Dr. Harrington gave his opinion regarding his five-year treatment of Plaintiff since 2005. AR 750-53. Dr. Harrington opined that Plaintiff's symptoms would likely prevent him from working full time but found him capable of part time work at a sedentary or light level of exertion. AR 753. Dr. Harrington opined Plaintiff could stand or walk for two to four hours in an eight-hour workday and could sit for about eight hours in an eight-hour workday.

Dr. Harrington notes "Mr. Robinson suffers from fatigue (related to HIV and treatment of HIV) and neuropathy (from HIV) that limit (but don't prevent) him from engaging in physical labor." AR 750.

As a treating physician, Dr. Harrington's opinion is generally entitled to controlling weight. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the ALJ rejects a treating or examining physician's opinion that is contradicted by another doctor, he must provide specific, legitimate reasons based on substantial evidence in the record. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). Here, Dr. Harrington's "part-time" opinion is contradicted by the opinions of nonexamining Drs. Bernardez-Fu and Thuline who found Plaintiff less limited and capable of full-time work. AR 651, 698.

The ALJ provides specific reasons for assigning little weight to Dr. Harrington's opinion that Plaintiff could only work part-time. The ALJ finds Plaintiff's treatment records, laboratory findings, and activities indicate he is capable of full-time work. AR 41. First, the ALJ finds Dr. Harrington's 2011 opinion is not supported by reference to objective signs or findings. The ALJ notes that although Dr. Harrington treated Plaintiff for years, treatment notes from 2009 forward to not show complaints of foot pain or fatigue. The ALJ finds significant that the Doctor consistently characterized Plaintiff's HIV as very well-controlled, with a CD4 count greater than 700 and an undetectable viral load. AR 41 citing 616, 678, 721, 775, 748. The ALJ notes a November 2009 report that Plaintiff walks up to four miles per day (citing AR 679) and a March 2010 report that he could walk 20 blocks before resting (citing AR 217). Lastly, the ALJ notes Dr. Harrington acknowledged little evidence of disease and that Plaintiff tolerates his medications. AR 41.

The ALJ instead gave "substantial weight" to the opinions of nonexamining Drs. Bernardez-Fu and Thuline, noting they are medical experts in reviewing Social Security

disability claims. The ALJ credits the doctors' findings that Plaintiff could stand and/or walk and sit for about six hours in an eight-hour workday with normal breaks. AR 40 citing 651, 698. Plaintiff argues Dr. Harrington deserves controlling weight as he is the treating physician, an expert in the field of infectious disease, and the director of the HIV clinic where Plaintiff was treated for five years. However, Plaintiff's argument does not undermine the ALJ's specific and legitimate reasons for discounting Dr. Harrington's opinion and instead relying on the reviewing medical opinions that conclude Plaintiff can work full time. The ALJ's reasons are based on substantial evidence in the record and are not in error.

***Examining Psychiatrist, Suzanne Canning, M.D.***

Plaintiff asserts the ALJ erred in placing only partial reliance on Dr. Canning's opinion and failing to give sufficient reasons for rejecting portions of her opinion. In October 2009 Dr. Canning's psychiatric consultative examination showed Plaintiff could perform various work activities. AR 652-55. Dr. Canning found Plaintiff could perform simple, repetitive tasks, as well as more detailed and complex tasks; he could accept instructions from supervisors and interact with coworkers and the public; he could perform work activities on a consistent basis without special or additional instruction; and he could deal with usual workplace stress. AR 41 citing 655. However, Dr. Canning found it unlikely Plaintiff could maintain regular work attendance without interruptions from his medical conditions. AR 655. The ALJ assigned "significant weight" to Dr. Canning's opinion "**except** for her opinion regarding the impact of claimant's **medical condition**." AR 41, emphasis added. The ALJ explains he does not give full credence to Dr. Canning's opinion regarding missing work based on medical conditions because (1) Dr. Canning did not perform a physical examination and only reviewed a few progress notes, and (2) because Dr. Canning's opinion regarding

Plaintiff's medical condition is based largely on his less than fully credible self-reporting of symptoms. The ALJ notes, for example, "[t]he extreme fatigue and aches and pains the claimant described to Dr. Canning are not mentioned in the treatment records generated since October 2009." AR 41. Instead the ALJ relied on the opinions of nonexamining Drs. Bernardez-Fu and Thuline that Plaintiff could stand and/or walk and sit for about six hours in an eight-hour workday with normal breaks. Plaintiff argues Dr. Canning's opinion is entitled to greater weight because it is consistent with the opinion of Dr. Harrington and his social worker, Ms. Parker, that he is unable to work full-time. However, Plaintiff does not demonstrate error. The ALJ's decision to reject Dr. Canning's opinion regarding work interruptions due to Plaintiff's medical symptoms is reasonable based on the cited evidence. As required for discounting a contradicted medical opinion, the ALJ's proffered reasons are specific and legitimate, and based on substantial evidence in Plaintiff's record.

***Case Manager and Social Worker, Chrissy Parker, MSW***

Plaintiff asserts the ALJ erred in giving only limited weight to Ms. Parker's opinions. In October 2011 Ms. Parker noted her opinion that Plaintiff had "significant fatigue from his current daily activities." AR 234. Ms. Parker found he had difficulty concentrating and staying on task and opined Plaintiff's health condition would affect his ability to work full-time. Because Ms. Parker is a social worker, deemed an "other source" under the regulations, the ALJ is required to provide only germane reasons for discounting her opinion. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010); 20 C.F.R. § 404.1513(d)(3).

The ALJ placed "limited weight" on Ms. Parker's report, reasoning (1) Ms. Parker is Plaintiff's social worker, essentially his advocate, and her statements should be viewed in context, (2) her case management notes do not indicate complaints of fatigue or difficulty

concentrating, (3) she is not an acceptable medical source under the SSA regulations; (4) there is no indication Ms. Parker performed a mental status examination. AR 41.

Plaintiff argues Ms. Parker's comments and opinion that his fatigue would likely cause him to miss full-time work are in alignment with the opinions of Drs. Harrington and Canning, as discussed above. Plaintiff argues Ms. Parker's opinion should be given more weight because she observed and worked with Plaintiff on a daily basis for more than two years. AR 686-96. Plaintiff argues that dismissing Ms. Parker's opinion because she is an advocate is improper because there is no evidence of misrepresentation. However, Plaintiff does not demonstrate error in the ALJ's analysis or in placing limited weight on Ms. Parker's opinion regarding Plaintiff's concentration and fatigue, in light of the lack of recent documentation of the complaints. The ALJ provides germane reasons for discounting the opinion, based on substantial evidence.

***Residual Functional Capacity***

Plaintiff asserts the above errors he assigns to the ALJ's opinion indicate the RFC determination is not complete and that the ALJ's resulting conclusion of nondisability is therefore not supported by substantial evidence in the record. Dkt. 16 at 18. Plaintiff argues the ALJ erred in discrediting treating and examining sources without adequate explanation, relying instead on nonexamining medical consultants. Plaintiff asserts additional nonexertional limits related to his cognitive and mental impairments should be included in his RFC. Plaintiff also asserts substantial evidence does not support finding he is capable of full-time work. However, as discussed above, the Court does not agree with Plaintiff's assignment of errors; this is a restatement of Plaintiff's arguments. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). The ALJ's determination of Plaintiff's RFC is supported

by substantial evidence, and the testimony of the vocational expert established that a person with that RFC could perform the specific jobs the expert identified. The ALJ's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error. *See* 42 U.S.C. § 405(g). Plaintiff has not so established.

CONCLUSION

For the foregoing reasons, the Court recommends that this case be AFFIRMED and the case DISMISSED. A proposed order accompanies this Report and Recommendation. Objections to this Report and Recommendation, if any, must be filed with the Clerk and served upon all parties to this suit no later than fourteen (14) days after the date on which this Report and Recommendation is signed. If no timely objections are filed, the Clerk shall note this matter for the earliest Friday after the deadline for objections, as ready for the Court's consideration. Failure to file objections within the specified time may affect your right to appeal. If objections are filed, any response is due within fourteen (14) days after being served with the objections. A party filing an objection must note the matter for the court's consideration fourteen (14) days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages.

DATED this 21st day of July, 2014.

JOHN L. WEINBERG
United States Magistrate Judge